UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lorena Cherpan,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>City of Fairfield, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02100-KJM-CSK<br><br>ORDER |

The County of Solano moves to dismiss Lorena Cherpan's claims against the county and several Doe defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot. Dismiss, ECF No. 23; Mem., ECF No. 23-1.  The motion is fully briefed, and the court took the matter under submission without holding a hearing.  *See generally* Opp'n, ECF No. 27; Reply, ECF No. 28; Min. Order, ECF No. 29.

Plaintiff's counsel faults defense counsel at the outset for filing this motion without first meeting and conferring.  *See* Nold Decl. ¶ 2, ECF No. 27-1.  This court's civil standing order requires attorneys to meet and confer before filing motions.  *See* Standing Order at 3, ECF No. 3-1.  Given defense counsel's explanation for this oversight, *see* Reply at 2, and with the expectation counsel for all parties will meet and confer in the future, the court will consider the motion.

1

Cherpan alleges she was arrested on unfounded charges of domestic abuse in 2022. *See* First Am. Compl. ¶¶ 1–4, ECF No. 15. She arrived at the Solano County Jail for booking with a broken rib, punctured lung, injuries to her elbow, contusions, high blood pressure, difficulty breathing and moving her arms, and overall she was in intense and widespread pain. *See id.* ¶¶ 36–37. According to her complaint, she sustained these injuries at the hands of two Fairfield Police officers, who had thrown her to the ground "like a ragdoll," then kneed her in the ribs. *Id.* ¶¶ 24–25. She was sixty years old at the time. *Id.* ¶ 1. Cherpan also alleges jail employees refused her pleas for medical care and ignored her obvious distress for several hours. *See id.* ¶ 37. After she was released on bail, she was admitted to the hospital, which required her to stay overnight for observation. *See id.* Prosecutors later dismissed the charges against her. *Id.* ¶ 38. Plaintiff is now pursuing eight claims. The majority of her claims are based on allegations against the City of Fairfield and the two officers who arrested her. Only her second claim—which alleges unnamed jail employees ignored her need for urgent medical care—is directed at any county employees. *See id.* ¶¶ 58–61. None of her claims refer to Solano County itself.

In response to a Rule 12(b)(6) motion to dismiss, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679. Cherpan's claim against the unnamed jail officers meets this standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (listing elements for indifference claims brought by pretrial detainees); *see also, e.g.*, *Sandoval v. County of San Diego*, 985 F.3d 657, 670 (9th Cir. 2021) (applying *Gordon* and reversing summary judgment in a case of officer inaction despite obvious signs of distress). She alleges jail staff ignored her obvious distress and provided no care for several hours, risking serious injury to her and causing lasting harms. *See* First Am. Compl. ¶¶ 36–37, 43. She may pursue her claim against the county officers as Doe defendants and uncover their identities and specific roles in discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980).

Cherpan's complaint does not, however, state a claim against the county itself. Government entities are liable under § 1983 only if that entity's "policy, practice, or custom" was the "moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A plaintiff may not rely on "a bare allegation" about a county's actions or its employees' conduct. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636–38 (9th Cir. 2012) (citation omitted). Cherpan does not allege the county had any particular policy, practice or custom. The theory of her claim against the county is unclear. The motion to dismiss the claims against the county is granted with leave to amend. *See id.* at 637–38 (permitting amendment in similar circumstances).

In sum, the claims against Solano County are **dismissed with leave to amend**. The motion to dismiss is otherwise **denied**. Any further amended complaint must be filed **within twenty-one days**. This order resolves ECF No. 23.

IT IS SO ORDERED.

DATED: July 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE